W. W. COATES & CO. *vs.* FRANK A. WOODWARD.

PROVIDENCE—APRIL 3, 1901.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Writs. Arrest. Release from Arrest. Review.*

The decision of a District Court releasing a defendant from arrest, under Gen. Laws R. I. cap. 252, § 11, clause 3, is not subject to review. Hence the court has no jurisdiction, under Gen. Laws R. I. cap. 250, § 12, on a bill of exceptions to consider the rulings of the District Court in excluding testimony offered in opposition to the defendant's discharge.

ASSUMPSIT.   The facts are fully stated in the opinion. Heard on bill of exceptions from the ruling of a District Court, and exceptions dismissed for want of jurisdiction.

TILLINGHAST, J.   This is a bill of exceptions from the District Court of the Sixth Judicial District, and is based on certain alleged erroneous rulings of that court in connection with the hearing of the defendant's motion for discharge from arrest.   The plaintiff had caused the defendant to be arrested upon the writ which was issued in the case by annexing thereto his affidavit that the defendant had committed fraud in fact, involving moral turpitude or intentional wrong, in contracting the debt upon which the action was founded, and in the concealment of his property; and the defendant had filed a motion to be discharged from said arrest on the ground that he had not committed fraud, as alleged in the affidavit.   During the hearing of this motion the plaintiff's counsel offered certain evidence tending to prove, as he claimed, that the defendant had committed fraud, as charged in said affidavit; but the court ruled that the evidence was immaterial, and, therefore, refused to admit it.   After hearing the parties the court ordered the defendant released from arrest and his bail discharged, and, there being no defence on the merits, rendered decision for the plaintiff for the amount claimed, viz., $142.80 and costs.   The plaintiff duly excepted to the rulings of the court in excluding the testimony offered by him in

opposition to the defendant's discharge, and he now seeks by this bill of exceptions to have said rulings reviewed and reversed. He contends that the rulings were erroneous, and that under the provisions of Gen. Laws R. I. cap. 250, § 12, this court has jurisdiction to review the same. Said statute is as follows:

"Any party to a civil suit, or suit in form civil, commenced in any district court shall, if he deem himself aggrieved by any ruling or decision of such court on any matter of law raised by the pleadings, or apparent upon or brought upon the record by a bill of exceptions, be entitled to have such matter of law heard before and decided by the appellate division of the supreme court."

While this general provision relating to exceptions from District Courts, if taken by itself, would seem to be broad enough to cover any final or determinative ruling made therein, yet when taken, as it must be in this case, in connection with the statute which confers upon said courts the special jurisdiction here involved, we think it is clear that it does not apply. Section 11, clause 3, of chapter 252, in so far as it is relevant, provides that:

"Whenever an arrest shall be made in accordance with the third clause of this section, the court to which the writ is made returnable, or any justice thereof, may by order, upon application of any defendant so arrested, and for cause shown upon hearing the parties therein, release such defendant from such arrest and discharge the bail taken thereon, if any; but said writ shall not be abated on account of such release and discharge, but may be prosecuted to final judgment in the same manner as if no such release and discharge had been granted."

This being a special statute governing a proceeding of this sort, the general provision relied on by plaintiff's counsel does not control. See *Verry* v. *School Committee*, 12 R. I. 578; *State* v. *Champlin*, 16 R. I. 455.

The evident purpose of this statute is to provide a prompt remedy for a person who deems himself to have been unlawfully arrested in a civil action. The arrest is made by virtue of an affidavit which may be made either by the plaintiff or by

his agent or attorney, and of course the defendant can have no means of contradicting the charge contained in the affidavit until after his arrest.   But when arrested he is entitled to be heard as soon as may be, upon making a motion to be discharged therefrom.   The hearing upon this motion must be had before the court to which the writ is returnable, or some justice thereof, and if cause is shown therefor the defendant is entitled to his release.   Being once released and his bail discharged that is the end of the matter, there being no provision for any further proceeding.   It is to be observed that the trial and determination of the question as to the truth of the affidavit on which an arrest in a given case was made has nothing whatever to do with the merits of the case. It simply gives the defendant an opportunity to show, if he can, that the arrest was unwarranted, and hence that he should be released therefrom and his bail discharged.   If the General Assembly had intended to give to any other court jurisdiction to review the proceeding, it is evident that it would not have given the court or justice before whom the motion is to be heard the absolute and unqualified power of release and discharge, as it has clearly done by the statute.   That it was competent for the General Assembly to confer such power upon the court to which the writ is returnable there can be no doubt.   It is only by virtue of the statute that an arrest can be made, and it is only by virtue of the statute that a release from such arrest can be had.   And the statutory method by which either can be done is the only one which is available to the parties.

The case before us is practically ruled by *Shaw* v. *Silverstein*, 21 R. I. 500, in which Matteson, C. J., in delivering the opinion of the court, said :

"The defendant having made his application to the District Court of the Sixth Judicial District, to which the writ was returnable, for discharge from arrest, and his application, after hearing, having been denied, must, in the absence of any means for reviewing it provided by the statute, abide by that decision."

Whether the rulings complained of in the case before us,

therefore, were technically right or wrong, this court has no jurisdiction to review the same, and hence the bill of exceptions must be dismissed.

Exceptions dismissed, and case remanded.

*George T. Brown,* for plaintiff.

*William F. Barry,* for defendant.